## C. E. HOOKER *v.* C. YALE, JR.

1. CHANCERY. *Jurisdiction.* *Trust.* *Code 1871, sect. 975.*
    The Chancery Court has jurisdiction of a bill, by the purchaser at an attachment sale of the entire equity in land, to compel the conveyance of the outstanding legal title.

2. EJECTMENT. *Evidence.* *Res adjudicata.*
    The decree and conveyance in such a case, where the court has acquired jurisdiction of the person of the holder of the legal title, vests the title in the complainant, who can maintain ejectment thereon against such holder's vendor's heir.

3. SAME. *Estoppel.* *Chancery decree.* *Privity.*
    Such heir cannot object, in such ejectment suit, that the attachment sale was void because the attachment suit was discontinued before condemnation of the land.

4. SAME. *Waiver. Practice.* ·

    If the record of the attachment suit is introduced in evidence by the plaintiff in such ejectment, the defendant loses the right to avail of it when he procures its exclusion from the evidence on his own motion.

ERROR to the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

This was an action of ejectment by C. Yale, Jr., against C. E. Hooker. On the trial, the plaintiff, after introducing in evidence a conveyance from Z. Hooker, made in 1845, and successive conveyances, vesting the legal title in C. B. Champlin, put in evidence the transcript of a chancery record, which showed a bill by C. Yale, Jr., against J. W. Champlin and C. B. Champlin, alleging that C. Yale, Jr., & Co. sued out a writ of attachment, returnable to the April term, 1867, of the Circuit Court of Copiah County, against J. W. Champlin, which was levied on the land in controversy, as the property of J. W. Champlin, and such proceedings had that a judgment for $2,889 was rendered in favor of the plaintiffs in attachment against said J. W. Champlin, on November 14, 1873, and said land was condemned to be sold for the payment thereof, and costs ; that by virtue of a *venditioni exponas,* emanating from said judgment, on April 13, 1874, said land was sold, and C. Yale, Jr., the complainant, purchased it for $320, which he paid, and received a deed from the sheriff; that J. W. Champlin was the owner of the entire equity in said land, but C. B. Champlin, his son, had the naked legal title, obtained without any consideration paid, and held in fraud of the title of C. Yale, Jr., the complainant ; and prayed that the legal title should be divested out of C. B. Champlin and vested in C. Yale, Jr. The chancery record showed that the defendants were properly summoned, and appeared, but failed to answer ; when, on *pro confesso,* a final decree was entered, granting the prayer of the bill, and directing a conveyance to C. Yale, Jr., by C. B. Champlin, or, on his default, by a commissioner. The plaintiff in the ejectment suit also introduced in evidence the commissioner's deed.

Then the plaintiff introduced the transcript of the record of an attachment suit in the Circuit Court of Copiah County by C. Yale, Jr., & Co. against J. W. Champlin, from which it appeared that Yale & Co. had sued out a writ of attachment, returnable to the April term, 1867, which was levied on the land in controversy, a judgment rendered for $2,889, on November 14, 1873, condemning the land, which was sold and purchased by C. Yale, Jr., and conveyed to him by the sheriff, whose deed was also introduced.

The plaintiff in ejectment also proved that Z. Hooker took possession on his purchase of this land, which he conveyed in 1845 to Lewis N. Shelton, but did not give possession, but Z. Hooker continued to occupy the land until his death, since which event C. E. Hooker, the defendant, has been in possession of the property.

The defendant in the ejectment suit, having proved that he was the heir-at-law of Z. Hooker, introduced J. L. Ard, the circuit clerk of Copiah County, who testified that the attachment suit went off the docket after final judgment, in 1867, and never again appeared thereon until August 8, 1873, when it was put back by request of plaintiff's attorney, without order of court. The judgment in 1867 was admitted to be void.

The defendant in the ejectment suit then moved the court to exclude all the attachment proceedings, because the case was discontinued and the Circuit Court lost jurisdiction after the final judgment in 1867, and did not re-acquire jurisdiction by the clerk putting the case back on the docket in 1873, by request of plaintiff's attorney. This motion the court sustained.

The defendant then moved the court to exclude the chancery record and commissioner's deed, because the Chancery Court had no jurisdiction of the subject-matter; which motion was by the court overruled, and the defendant excepted.

From a verdict and judgment for the plaintiff, the defendant brought up the case.

*Harris & George*, for the plaintiff in error.

1. The record of the chancery proceedings should have been excluded upon the motion of the plaintiff in error, as the presentation of the whole case showed that the plaintiff below had no title. *Griffin* v. *Sheffield*, 38 Miss. 329.

2. Although an heir is estopped to dispute that his ancestor's title to land has been conveyed by his deed, and from setting up an outstanding paramount title, he is not estopped from showing that a party asserting a title founded upon the ancestor's deed has not gotten the title, because of the invalidity of the proceedings by which he sought to obtain it. And a purchaser of such title at an attachment sale, in a suit against a remote vendee of the ancestor, must show that the attachment proceedings were valid.

3. The plaintiff in error was not a party to the chancery proceedings, and as to him the decree was *res inter alios*. It could not be used as evidence of the facts upon which it was rendered, but only as evidence of its own existence and its legal consequences. Cowan & Hill's Notes to Ph. on Ev. 822, pt. 2, note 332. The defendant below was at liberty to disprove the statement of facts relied upon to give the Chancery Court jurisdiction, and if the plaintiff in ejectment himself did the same thing, it had the same effect. 4 Wheat. 213; 4 Pet. 466.

*H. B. Mayes*, for the defendant in error.

1. The decree of the Chancery Court having been rendered by a court of competent jurisdiction, is conclusive on all parties and privies, and cannot be collaterally impeached by showing that it was rendered on insufficient evidence. Code 1871, sect. 975; 1 Greenl. on Ev., sects. 522, 523; Geo. Dig. 436, sects. 11, 12.

2. The case as made by the bill in chancery, having been confessed by the defendant, is conclusive of the validity of the claim or demand which the complainant set up in his bill. Herman on Estop., sects. 151, 177, 583, 584.

3. C. E. Hooker was in privity of estate with C. B. Champ-

lin at the date of the decree in chancery, as his ancestor, Zadock Hooker, if living, would have been ; and as the decree is conclusive on Champlin, so it is on his tenant, C E. Hooker, by privity of estate. *Howland* v. *Coffin*, 12 Pick. 125 ; *Overman & Baxter* v. *Sanborne*, 37 Vt. 54, 56 ; Taylor's L. & T., sects. 462, 463 ; 1 Washb. on Real Prop. 434, sect. 9 ; *Jackson* v. *Davis*, 5 Cow. 129 ; Code 1871, sects. 2288, 2289.

*J. A Brown*, on the same side.

1. The record of the attachment suit having been excluded on the motion of the defendant below, he cannot be heard to make any objection founded on that record.

2. The only objection urged against the admissibility of the chancery record in the court below was, "because the Chancery Court had no jurisdiction of the subject-matter." The plaintiff in error must be confined to the objection made in the lower court. *Bank* v. *Martin*, 9 Smed. & M. 621 ; *House* v. *Fultz*, 13 Smed. & M. 43 ; *Ketchum* v. *Brennan*, 53 Miss. 599 ; *McGehee* v. *Martin*, 53 Miss. 520 ; *Alexander* v. *Eastland*, 37 Miss. 555 ; *Monk* v. *Horne*, 38 Miss. 100.

3. The bill in the chancery suit shows that the court did have jurisdiction of the subject-matter. The decree is conclusive as to parties and privies. 1 Greenl. on Ev., sects. 523, 551. The title to the land having been determined in the chancery suit, and vested in Yale, the plaintiff in error, who is the heir of Zadock Hooker, the remote vendor of the Champlins, is estopped to now controvert that fact. As to the admissibility and effect of records as evidence, see 1 Greenl. on Ev., sects. 522, 527 a, 531, note 4.

CAMPBELL, J., delivered the opinion of the court.

The effect of the decree of the Chancery Court, in the suit of Yale against the Champlins, was to vest in Yale the title of C. B. Champlin, and thereby to make Yale the holder, by successive conveyances, of the title which Z. Hooker had conveyed in 1845. The result of the chancery suit was the equivalent

of a deed by C. B. Champlin to Yale ; and if Champlin was plaintiff in this action, there can be no question that he could recover the land from plaintiff in error, who claims by descent devolved upon him by the death of Z. Hooker in 1861. Therefore Yale is entitled to recover. · If the record of the attachment suit had any value to plaintiff in error, he lost it by procuring its exclusion from the evidence. But it could not have availed him. If Champlin permitted his title to be divested, and vested in Yale, it is not for Hooker to object. If the decree in chancery was void, it could not avail against Hooker, because then it would not have been effective to transfer Champlin's title to Yale ; but it is not void. The Chancery Court had jurisdiction both of the subject-matter and the parties, and if it rendered a decree upon insufficient evidence, such decree was merely erroneous, and for that plaintiff in error cannot complain of it.

Judgment affirmed.